UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RECEIVERSHIP MANAGEMENT, INC., on behalf of the Craftsman Independent Union Local #1 Health, Welfare and Hospitalization Fund, | ) ) ) ) |
| Plaintiff, | ) Civil Action No. _____ ) ) |
| v. | ) ) |
| COTNER ELECTRIC CO., | ) ) |
| Defendant. | ) ) |

## ERISA COMPLAINT
## FOR COLLECTION OF DELINQUENT CONTRIBUTIONS

Receivership Management, Inc., on behalf of the Craftsman Independent Union Local #1 Health, Welfare and Hospitalization Fund, brings this complaint against Cotner Electric Co., pursuant to Sections 502(a)(3) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(3), to enforce the terms of the plan and to collect delinquent contributions pursuant to ERISA § 515, 29 U.S.C. § 1145, and alleges as follows:

1. This Court has jurisdiction over the claims pursuant to 29 U.S.C. § 1132(e)(1).

2. Venue lies in this judicial district pursuant to 29 U.S.C. § 1132(e)(2), as the Fund is administered in this district.

3. Receivership Management, Inc. ("RMI") is a Tennessee corporation having its principal place of business at 1101 Kermit Drive, Suite 735, Nashville, Tennessee 37217.

4. Cotner Electric Co. ("Cotner") is a Missouri company having its principal place of business at 2049 Southern Expressway, Cape Girardeau, Missouri 63703.

5. The Craftsman Independent Union Local #1 Health, Welfare and Hospitalization Fund ("Fund") is an "employee welfare benefit plan" as that term is defined by ERISA, 29 U.S.C. §§ 1002(1). The Fund is a Taft-Hartley multi-employer benefit plan providing health and related benefits to covered employees and their beneficiaries.

6. Defendant is an "employer" as that term is defined by ERISA, 29 U.S.C. § 1002(5).

7. Plaintiff is the court-appointed independent fiduciary of the Fund and is a plan "fiduciary" as that term is defined by ERISA, 29 U.S.C. § 1002(21).

8. At all relevant times, Defendant has been party to a collective bargaining agreement with the Craftsman Independent Union ("CIU"), a labor organization. Specifically, Cotner and CIU entered into five-year collective bargaining agreements in 2010 and 2015, which agreements covered Cotner's work performed at the Procter & Gamble Paper Products Plants in Cape Girardeau, Missouri ("P&G Facility").

9. Pursuant to these agreements, Defendant agreed to pay certain contributions to the Fund on behalf of its covered employees at a fixed dollar rate per manhour worked.

10. The Fund operates on a self-reporting payment system whereby participating employers such as Defendant identify those employees for whom contributions are owed, identify the covered hours worked by the covered employees, and based upon employee work history reported, make payments of contributions on behalf of those employees to the Fund.

11. The collective bargaining agreements and governing plan documents require prompt payment of all such contributions on a monthly basis, failing which a delinquent employer will be liable for the delinquency, plus six percent (6%) interest per month on unpaid

contributions, as permitted by ERISA, 29 U.S.C. §§ 1132(g)(2)(C), a 20% penalty on the delinquency, and attorneys' fees and costs.

12. Defendant submitted reports and corresponding payments sporadically to the Fund during the relevant period, between zero and five times per year until mid-2016. Thereafter, Cotner failed to submit any reports or payments to the Fund as per the terms of the governing Plan documents.

13. The Fund recently conducted a payroll audit of the general contractor at the P&G Facility, Bilfinger Industrial Services, Inc. ("BIS"). That audit revealed that BIS subcontracted a substantial amount of work at the P&G Facility to Cotner from January 2010 to February 2017, which hours Cotner did not report to the Fund.

14. In particular, the audit revealed that Cotner worked 37,062 man hours at the P&G Facility from 2010 to 2016 through subcontracting with BIS, which results in $236,763 payable in contributions to the Fund. However, during the same time period, Cotner reported on and paid only $15,308.50 to the Fund.

15. Section 306(a) of the Multiemployer Pension Plan Amendments Act of 1980, adding Section 515 of ERISA, 29 U.S.C. § 1145, provides that every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of the collective bargaining agreement shall, to the extent not inconsistent with law, make contributions in accordance with the terms and conditions of such plan or such agreement.

16. Defendant has breached Section 515 of ERISA, the collective bargaining agreements with CIU, and the governing plan documents through which the Fund was created and operates by failing to report hours and to timely pay contributions for covered work hours.

WHEREFORE, Plaintiff request the following relief:

(a) Injunctive or other relief, pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), requiring Defendant to make the required reports for all covered manhours during the relevant period;

(b) An award of all delinquent contributions during the relevant period, together with interest at the rate of 6% per month, as well as attorneys' fees and costs of suit, as required by the governing plan documents and Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2); and

(c) Any such further or different relief as the Court may deem proper or just.

Respectfully submitted,

*s/ Karla M. Campbell*
Karla Campbell, BPR No. 27132
R. Jan Jennings, BPR No. 1536
Branstetter, Stranch & Jennings, PLLC
223 Rosa L. Parks Avenue, Ste. 200
Nashville, TN 37203
Tel. (615) 254-8801
Email: janj@bsjfirm.com
Email: karlac@bsjfirm.com